UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAYE ELLEBY,

               Plaintiff,

         -against-

THE CITY OF NEW YORK, *et al.*,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

15cv109

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiff <u>pro se</u> Taye Elleby brings this federal civil rights action against the City of New York, Assistant District Attorneys Mirella DeRose, K. Caruso and Siobhan Cary (the "District Attorney Defendants"), Detective Mark Woods, Police Sergeant Jorge Ortiz, and Police Officer Michael Prior of the New York City Police Department (the "Police Defendants") (collectively, "Defendants").[1] The District Attorney Defendants and the Police Defendants move separately to dismiss Elleby's Third Amended Complaint ("Complaint" or "Compl.") pursuant to Fed. R. Civ. 12(b)(6). Their motions are granted and this action is dismissed.

## BACKGROUND

        The allegations in the Complaint are presumed to be true for purposes of this motion. In May 2013, the Federal Bureau of Investigation (the "FBI") alerted the New York Police Department that a Connecticut resident was travelling to New York City to locate her missing 17-year-old daughter. (Compl., at 3.) The FBI explained that the mother, Latisha Spruill, had reason to believe that her daughter was being held by Elleby and forced to engage in prostitution. (Compl., at 3.) The Police Defendants met Spruill outside Elleby's apartment

---

[1] The docket does not indicate that the City of New York, Assistant District Attorney K. Caruso, or Detective Mark Woods were served with a copy of the summons and Complaint. However, because the claims against these parties fail for at least the same reasons articulated herein, they too are dismissed.

building.  (Compl., at 4.)  Another woman, who had accompanied Spruill to New York City, identified Elleby on the sidewalk.  (Compl., at 4.)

Officer Prior stopped Elleby, searched his pockets, seized his phone and wallet, and handcuffed him.  (Compl., at 4.)  After Elleby was handcuffed, Officer Prior questioned him about the allegations of prostitution and whether he was holding any women against their will in his apartment.  (Compl., at 4.)  Elleby denied the allegations.  (Compl., at 4.)  Elleby claims that he was left leaning with "his chest against a fence" for two hours.  (Compl., at 4–5.)

When the police went to Elleby's apartment, Spruill's daughter let them in.  (Compl., at 4.)  Two other women and a young child were also in the apartment.  (Compl., at 3, 4.)  Elleby was arrested for criminal trespass and endangering the welfare of a child.  (Compl., at 5)  Later, the criminal charges were upgraded to sex trafficking and promotion of prostitution.  (Compl., at 9.)  Elleby was detained for more than 72 hours before being brought before a judge.  (Compl., at 7.)

During his criminal trial, Elleby moved to suppress evidence seized from him, arguing that the officers lacked probable cause to arrest him for criminal trespass.  (See Pl. Br. (ECF No. 52), Ex. 1 (Dec. 6, 2013 Trial Transcript ("Trail Tr.")), at 97.)  That motion was denied.

On December 16, 2013, Elleby was convicted of sex trafficking and four counts of promoting prostitution.  Thereafter, Elleby was sentenced to a term of imprisonment.  (See Declaration of David Cooper (ECF No. 58), Ex. C ("Certificate of Disposition No. 42788"), at 1.)

In January 2015, Elleby filed this federal civil rights action asserting a variety of claims arising out of his arrest and trial.

LEGAL STANDARD

To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts must accept a plaintiff's allegations as true and draw all reasonable inferences in his favor. Gonzalez v. Hasty, 802 F.3d 212, 219 (2d Cir. 2015). Courts may also "rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports, criminal complaints, indictments, and criminal disposition data." Fairley v. Collins, No. 09-cv-6894 (PGG), 2011 WL 1002422, at *1 (S.D.N.Y. Mar. 15, 2011) (citation and internal quotations omitted). Where a plaintiff is proceeding pro se, courts construe "the complaint to raise the strongest claims that it suggests." Williams v. Correction Officer Priatno, No. 14-4777, --- F.3d ----, 2016 WL 3729383, at *3 (2d Cir. July 12, 2016) (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

DISCUSSION

Section 1983 provides a cause of action against any person who "under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 . . . provides a method for vindicating federal rights elsewhere conferred." (internal quotation marks omitted)). "A [Section] 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of [his] federal statutory rights, or [his]

constitutional rights or privileges." Annis v. Cty. of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).  Additionally, when a prisoner brings a federal civil rights claim, a court must

> consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see also Tankleff v. Cty. of Suffolk, No. 09-cv-1207 (JS), 2010 WL 5341929, at *6 (E.D.N.Y. Dec. 21, 2010) ("When a claim for damages under [Section] 1983 calls into question the validity of an underlying conviction, a district court must dismiss the claim, unless the conviction has been invalidated.").

"The first step in [analyzing a Section 1983] claim is to identify the specific constitutional right allegedly infringed."  Albright, 510 U.S. at 271 (internal quotation marks and citations omitted).  Here, the Complaint alleges a laundry list of claims that can be characterized generally as claims for a denial of a fair trial, malicious prosecution, false arrest, unlawful search and seizure, intentional infliction of emotional distress, conspiracy to obstruct justice, unreasonable detention, Confrontation Clause violations, and witness coercion.

I. Denial of Fair Trial

Elleby contends that Defendants deprived him of his constitutional right to a "fair and impartial trial."  (Compl., at 14–15.)  However, "[c]laims alleging the denial of the right to a fair trial . . . imply the [in]validity of any underlying criminal convictions and are precluded by

4

Heck." Bowers v. Kelly, No. 13-cv-6265 (LGS), 2015 WL 2061582, at *4 (S.D.N.Y. May 4, 2015). Accordingly, Elleby's "denial of a fair trial" claims are dismissed.[2]

## II. Malicious Prosecution

A claim "for malicious prosecution accrues when a criminal proceeding terminates in the plaintiff's favor." Bakowski v. Kurimai, 387 F. App'x 10, 11 (2d Cir. 2003); Droz v. McCadden, 580 F.3d 106, 109 (2d Cir. 2009) (per curiam) ("To state a claim for malicious prosecution, a plaintiff must show . . . that the [criminal] proceeding was terminated in the plaintiff's favor. . . .") (quoting Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003)). Because Elleby was convicted at trial—and that conviction has not been set aside—no claim for malicious prosecution can be advanced.

## III. False Arrest

Elleby argues that when he was first arrested for Criminal Trespass and Endangering the Welfare of a Child, he was outside of the building, and there were no children nearby. He also alleges that because he had keys to the apartment and mailbox, as well as cable bills in his name, he had the "right[] to be in the building," and the arrest was unlawful. (See Compl., at 6.)

However, probable cause is a complete defense to a false arrest claim. Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994). And "[w]here a court has already determined the issue of probable cause to make an arrest that is the subject of a claim of false arrest, a party may, in appropriate circumstances, be estopped from relitigating that issue." Kent v. Katz, 312 F.3d 568, 573–74 (2d Cir. 2002); see also Mitchell v. Hartnett, 262 F.Supp.2d 153, 155 (S.D.N.Y May 5,

---

[2] "Disposition of the case on Heck grounds . . . warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (quoting Heck, 512 U.S. at 487).

5

2003) (finding state court determination of probable cause conclusive thereby barring a Section 1983 claim).[3]

During Elleby's trial, the judge found that Officer Prior had probable cause to arrest Elleby for criminal trespass. (See Trial Tr. at 131:12–25 ("I find that there was probable cause for the arrest of the defendant, originally, at the scene for criminal trespass based upon Officer Prior's testimony.")) Elleby offers nothing suggesting that he was prevented from fully and fairly contesting the lawfulness of his arrest in state court. Accordingly, Elleby's false arrest claim is barred by the doctrine of collateral estoppel.[4]

IV.     Unlawful Search and Seizure

The Complaint alleges an illegal search and seizure, but the precise theory for any Fourth Amendment claim is unclear. (See Compl., at 14–15.) To the extent Elleby "intends to refer to the seizure of his person, this claim would duplicate the false arrest claim." Peterec v. Hilliard, No. 12-cv-3944 (CS), 2013 WL 5178328, at *5 (S.D.N.Y. Sept. 16, 2013).

Likewise, to the extent the claims relate to a search of Elleby's person incident to his arrest, the Fourth Amendment contains an "exception . . . [and] permits the police to search a lawfully arrested person and areas within his immediate control." Smith v. Ohio, 494 U.S. 541, 543 (1990). As previously noted, Elleby challenged the legality of his arrest in state court and is therefore collaterally estopped from raising that Fourth Amendment claim here. See Sullivan,

---

[3] Federal courts "apply the rules of collateral estoppel of the state in which the prior judgment was rendered, which in this case is New York. Under New York law, [the] doctrine applies 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action.'" Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000) (quoting Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343 (N.Y. 1999)).

[4] Elleby's claim is also deficient with regard to the District Attorney Defendants because the Complaint contains no factual allegations that they played any role in his arrest.

6

225 F. 3d at 166 (precluding a party from relitigating an issue clearly raised in a prior action and decided against that party).

Finally, to the extent Elleby intends to challenge the arrest and search of women in his apartment, (see Compl., at 14 ("Officers Prior and Ortiz [made] a false arrest and illegal search and seizure . . . so authorities could hold and force these women to make false statements on [Elleby].")), such a claim is barred by the doctrine of prudential standing. Elleby is precluded from "raising another person's legal rights." Selevan v. New York Thruway Auth., 584 F.3d 82, 91 (2d Cir. 2009) (quoting Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)).

V. Intentional Infliction of Emotional Distress

Elleby makes an elliptical claim for intentional infliction of emotional distress, alleging that Defendants "did all of the following with intentions to deliberately cause emotional distress on the plaintiff and the women." (Compl., at 14.) Elleby asserts no additional facts to support his intentional infliction of emotion distress claim, but seemingly relies on the allegations concerning his false arrest and Fourth Amendment claims. However, "a lawful arrest is a bar to a claim for intentional infliction of emotional distress." Sepulveda v. City of New York, No. 01-cv-3054 (DC), 2003 WL 21673626, at *6 (S.D.N.Y. July 17, 2003).

Further, "[i]n New York, recovery of an intentional infliction of emotional distress claim is allowed only as a last resort, when traditional tort remedies are unavailable." Sepulveda, 2003 WL 21673626, at *6 (dismissing intentional infliction of emotional distress claim because the conduct underlying the claim is encompassed within false arrest claim) (internal quotations omitted); Thomas v. Cty. of Putnam, 262 F. Supp. 2d 241, 251 (S.D.N.Y. 2003) ("[S]ince the conduct complained of is encompassed in plaintiff's claims for malicious prosecution and false arrest and imprisonment, plaintiff's claim for intentional infliction of

emotional distress must be dismissed."). Because the allegations undergirding this claim are the same as those supporting his false arrest and Fourth Amendment claims, his claim for intentional infliction of emotional distress must be dismissed.

VI.     Conspiracy Claims

Elleby's civil rights conspiracy claims fail for the same reasons as his underlying Section 1983 claims. See Droz, 580 F.3d at 109 ("Because neither of the underlying [S]ection 1983 causes of action can be established, the claim for conspiracy also fails."); Amaker v. Weiner, 179 F.3d 48, 52–53 (2d Cir. 1999) (applying Heck to conspiracy claims).

Elleby also alleges a conspiracy to obstruct justice.[5] (Compl., at 13.) Construed liberally, Elleby appears to make a claim that the Police Defendants fabricated evidence, namely, Elleby's arrest report. (See Compl., at 11; Pl. Br., at 6.) "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial." Marom v. City of New York, No. 15-cv-2017 (PKC), 2016 WL 916424, at *9 (S.D.N.Y. Mar. 7, 2016) (quoting Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997)). However, when there is a conviction after trial, such a claim does not accrue until the conviction is vacated. See Bailey v. City of New York, 79 F. Supp. 3d 424, 455 (E.D.N.Y. 2015) ("Had [plaintiff] raised his fair trial claim— premised on the fabrication of evidence, which resulted in his arrest and subsequent conviction— prior to the date his conviction was invalidated, his complaint would have been dismissed because it would have necessarily implied the unlawfulness of his conviction."); Bowers, 2015 WL 2061582, at *4 ("Claims alleging the denial of the right to a fair trial . . . likewise imply the

---

[5] Elleby attempts to advance this claim under 18 U.S.C. § 1505. (See Pl. Br., at 6 (citing the non-existent "C.P.L. section 1505").) However, that statute does not contain a private right of action. See Langella v. United States, No. 01-cv-11583 (AKH), 2002 WL 1218524, at *4 (S.D.N.Y. June 5, 2002).

8

validity of any underlying criminal convictions and are precluded by Heck."). Accordingly, because Elleby's conviction has not been invalidated, his claim is premature and must be dismissed. See Amaker v. Weiner, 179 F.3d 48, 52–53 (2d Cir. 1999).

VII.  Prosecutorial Immunity

"[A] state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under [Section] 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005). Prosecutorial immunity from Section 1983 liability extends to "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (internal quotation marks omitted); Taylor v. Kavanagh, 640 F.2d 450, 452 (2d Cir. 1981) ("[A] prosecutor is insulated from liability where his actions directly concern the pre-trial or trial phases of a case."). For instance,

> the swearing of warrants to insure a witness's attendance at trial, . . . the falsification of evidence and the coercion of witnesses, . . . or the failure to drop charges until immediately before trial, . . . have been held to be prosecutorial activities for which absolute immunity applies. Similarly, because a prosecutor is acting as an advocate in a judicial proceeding, the solicitation and subornation of perjured testimony, the withholding of evidence, or the introduction of illegally-seized evidence at trial does not create liability in damages.

Taylor, 640 F.2d at 452; see also Bissinger v. City of New York, No. 06-cv-2325 (WHP), 2007 WL 2826756, at *4 (S.D.N.Y. Sept. 24, 2007) (dismissing all claims against District Attorney—including claim for unreasonable detention—because District Attorney took no "non-prosecutorial action with respect to the matters alleged in the Amended Complaints").

Prosecutorial immunity also extends to conspiracy claims where the underlying activity at issue is itself insulated by prosecutorial immunity. See Pinaud v. Cty. of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995) ("[S]ince absolute immunity covers virtually all acts, regardless

of motivation, associated with the prosecutor's function as an advocate, when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." (internal citations and quotations omitted)); Shmueli v. City of New York, 424 F.3d 231, 238 (2d Cir. 2005) (applying prosecutorial immunity to conspiracy claims). And where "the nature of [official's] function is . . . clear from the face of the complaint, the absolute immunity defense may be resolved as a matter of law on a motion to dismiss the complaint pursuant to Rule 12(b)(6)." Shmueli, 424 F.3d at 236.

Many of Elleby's claims against the District Attorney Defendants concern their actions as prosecutors. He alleges that they violated his Sixth Amendment rights under the Confrontation Clause by introducing testimony from Mondesire at trial, despite never calling her as a witness or subjecting her to cross-examination. (Compl., at 14–15.) He further alleges that the District Attorney Defendants coerced witnesses to make false statements by, among other things, making "threatening and harassing" phone calls to witnesses during Elleby's trial and sending police officers to Connecticut to threaten witnesses.[6] (Compl., at 7, 14–15.) Elleby alleges that Assistant District Attorney DeRose had him "held . . . for over 72 hours" before he was presented for arraignment. (Compl., at 13.) Elleby contends he was deprived of his constitutional right to a "fair and impartial trial." (Compl., at 14–15.) And Elleby claims that the District Attorney Defendants "[p]resented evidence that was illegally seized in false arrest at trial." (Compl., at 15.) Because all of Elleby's allegations against the District Attorney

---

[6] To the extent that the claims of witness coercion can be construed to apply to the Police Defendants, they must be dismissed under Heck. Allegations of witness coercion "implicate the protections established in Brady v. Maryland, 373 U.S. 83 (1963)." McCord v. City of New York, No. 13-cv-2008 (AJN), 2014 WL 2567108, at *2 (S.D.N.Y. June 6, 2014). The Second Circuit "has emphatically and properly confirmed that Brady-based [Section] 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (or plea) in which the Brady violation occurred." Poventud v. City of New York, 750 F.3d 121, 132 (2d Cir. 2014) (emphasis in original); see also McCord, 2014 WL 2567108, at *2 ("Because a Brady violation requires a new trial, Plaintiff's claim necessarily implies that his conviction was invalid."). Because Elleby's conviction has not been invalidated, his claim of witness coercion is barred by Heck and must be dismissed.

10

Defendants relate to actions they took in their official capacities as prosecutors, the District Attorney Defendants are entitled to absolute prosecutorial immunity.

## CONCLUSION

For the foregoing reasons, the District Attorney Defendants' and the Police Defendants' motions to dismiss are granted and the Complaint is dismissed in its entirety.

The Clerk of Court is directed to terminate all pending motions, mark this case as closed, and mail a copy of this Opinion & Order to Plaintiff Taye Elleby.

Dated: August 11, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.